# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

HM PEACHTREE CORNERS I, LLC,

        Plaintiff,

v.

PANOLAM INDUSTRIES INTERNATIONAL, INC.,

        Defendant.

1:17-cv-1000-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff HM Peachtree Corners I, LLC's ("Plaintiff") 15(a) Motion for Leave to File Amended Complaint [14] ("Motion to Amend").

## I. BACKGROUND

### A. Facts

Plaintiff leased approximately 106,531 square feet of office and warehouse space in Norcross, Georgia (the "Lease") to Defendant Panolam Industries International, Inc. ("Defendant").[1] (Compl. ¶ 10). The Lease expired on

---

[1] The Lease was initially executed in October 1978 by M.D. Hodges Enterprises, Inc. ("M.D. Hodges") and Excelite Corporation ("Excelite"). (Compl.

February 28, 2017. (Compl. ¶ 18). Plaintiff alleges the Lease imposed numerous obligations on the Defendant, including "maintain[ing] and repair[ing] the building, heating and air conditioning equipment, and the grounds of the Premises." (Compl. ¶ 11). The Lease also required the Defendant to "return the Premises . . . in as good condition and repair as first received, natural wear and tear excepted" and refrain from "mak[ing] any alterations, additions, or improvements to the Premises without written consent by Plaintiff." (Compl. ¶¶ 13-14).

On August 26, 2016, Plaintiff inspected the property and discovered various repairs that were needed. (Compl. ¶ 19). Plaintiff wrote to Defendant about Defendant's obligations under the Lease to make repairs. (Compl. ¶¶ 23-27, 31). Plaintiff alleges that Defendant "refused to make certain repairs as required by the terms of the lease" such as "remov[ing] the Supervisor's Office from the Premises," "return[ing] the floor surface back to smooth level by coring bolt holes and filling in pits on the floor," and "repair[ing] and restor[ing] the concrete in both truck courts." (Compl. ¶¶ 28-30). Plaintiff claims Defendant's "failure to

---

¶ 7). M.D. Hodges later assigned its interest to LIT/Hodges Industrial Trust ("Trust"), and the Trust later assigned its interest to Plaintiff. (Compl. ¶ 9). Excelite's rights and obligations under the Lease were assigned, through various amendments to the Lease, to Domar Industries, Inc., then to Panolam Industries, Inc., and finally, in September 2002, to Defendant. (Compl. ¶ 8). Defendant was lessee from September 2002 until the Lease expired in February 2017.

make said repairs and return the Premises to Plaintiff at the end of the Lease term" in the condition required by the Lease "constitutes a breach of the Lease." (Compl. ¶ 38). Plaintiff alleges it has suffered damages of nearly "half a million dollars." ([14] at 1-2).

B.  Procedural History

On January 27, 2017, Plaintiff filed its Complaint [1.1] in the State Court of Gwinnett County, Georgia. Plaintiff asserts a claim for breach of the Lease and also seeks attorney's fees and costs under O.C.G.A. § 13-6-11 and O.C.G.A. § 13-1-11. On March 20, 2017, Defendant filed its Notice of Removal [1], removing the action to the Court. On May 16, 2017, Plaintiff filed its Motion to Amend. In it, Plaintiff alleges additional damages it discovered when it inspected the leased premises after Defendant vacated them. ([14] at 24-34). The Defendant also adds a claim for declaratory judgment under O.C.G.A. § 9-4-1, *et seq.* requesting the Court to declare the repairs Defendant was required to make under the Lease and to order Defendant to pay for the repairs or, alternatively, find that Plaintiff is entitled to seek reimbursement damages from Defendant. ([14] at 26-28).

On May 26, 2017, Defendant filed its Response to Plaintiff's Motion for Leave to File Amended Complaint [20] ("Response"). Defendant does not oppose

Plaintiff's amended breach of contract claim, or its claim for attorney's fees and costs. ([20] at 8-9). Defendant does oppose Plaintiff's new declaratory judgment claim as "wholly duplicative" and "futile." ([20] at 6, 8-9).

## II. DISCUSSION

### A. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint, as a matter of course, if the amended complaint is filed within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. See Fed. R. Civ. P. 15(a)(1). Amended complaints may be filed outside of these time limits only "with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing

party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

"A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." Christman v. Walsh, 416 Fed. App'x 841, 844 (11th Cir. 2011); Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" (quoting Halliburton & Assoc., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985))); Bazemore v. U.S. Bank, N.A., No. 1:14-cv-3310, 2016 WL 889676, at *5 (N.D. Ga. Mar. 8, 2016) ("Futility means that the amended complaint would fail to state a claim upon which relief could be granted. Thus, the same standard of legal sufficiency as applied under a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is used to determine futility." (internal citation omitted)); Bill Salter Adver., Inc. v. City of Brewton, AL, 2007 WL 2409819, at *2 (S.D. Ala. Aug.23, 2007) ("The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied.").

B. <u>Analysis</u>

Plaintiff first argues it should be permitted leave to amend under Rule 15(a) to allege additional necessary repairs discovered after Defendant vacated Plaintiff's property. Defendant does not oppose the amendment,[2] and the Court finds no "substantial reason" to justify denying the amendment requested. Plaintiff's Motion to Amend is granted as to its breach of contract claim and its claim for attorney fees and costs.

Plaintiff also seeks leave to amend to add a declaratory judgment claim requesting a declaration of the specific repairs Defendant was required to make under the Lease, to order Defendant to pay for the required repairs or, alternatively, to find Plaintiff is entitled to reimbursement damages from Defendant. Defendant argues that Plaintiff's claim for declaratory judgment is futile because it is duplicative of Plaintiff's claim for breach of contract.

It is common in our Circuit for District Courts to dismiss requests for declaratory judgment when a plaintiff asserts a corresponding claim for breach of

---

[2] In its Response, Defendant states had it been afforded the opportunity to review Plaintiff's Motion to Amend before it was filed, it "would have requested that Count II be removed and likely would have consented to the balance of the proposed amendment." ([20] at 8). Defendant further states, "As it stands, HM Peachtree's Motion to Amend should be denied, at least insofar as it seeks to add Count II for declaratory judgment." ([20] at 9).

contract. See, e.g., Wright v. Wells Fargo Bank, N.A., No. 1:15-CV-2416-AT-JCF, 2015 WL 12159206, at *4 (N.D. Ga. Oct. 8, 2015) (recommending dismissal of declaratory judgment claim where "essence" of breach of contract claim and declaratory judgment claim were "the same"); Daniels v. Wells Fargo Bank, N.A., No. 1:14-CV-2640-LMM, 2014 WL 12493322, at *2 (N.D. Ga. Feb. 2, 2014) (dismissal of the plaintiff's declaratory judgment claim warranted where duplicative of a breach of contract claim); Eisenberg v. Standard Ins. Co., No. 09-80199-CIV, 2009 WL 3667086, at *2 (S.D. Fla. Oct 26, 2009) ("A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract. It thus provides an adequate remedy at law, and a decision on the merits of the breach of contract claim would render the defendant's request for declaratory judgment moot or redundant.") (quoting *Amerisure Mut. Ins. Co.* v. *Maschmeyer Landscapers, Inc.*, 2007 WL 2811080, at *2 (E.D. Mo. Sept. 24, 2007)).

The "same standard of legal sufficiency as applied under a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is used to determine futility," Bazemore, 2016 WL 889676, at *5. Here, Plaintiff requests a declaration equivalent to the remedy it seeks for breach of the lease. Plaintiff's declaratory

7

judgment is redundant of its breach of contract claim, and thus futile. Plaintiff's Motion to Amend to allege a declaratory judgment claim, and the associated claim for attorney fees and costs under O.C.G.A. § 13-6-11 and O.C.G.A. § 13-1-11, is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff HM Peachtree Corners I, LLC's 15(a) Motion for Leave to File Amended Complaint [14] is **GRANTED IN PART AND DENIED IN PART**. The Plaintiff's Motion is **GRANTED** with respect to its amended breach of contract claim, and related attorney's fees and costs claim. The Plaintiff's Motion is **DENIED** with respect to its proposed amended declaratory judgment claim, and related attorney's fees and costs claim.

**IT IS FURTHER ORDERED** that Plaintiff shall file a First Amended Complaint consistent with this Opinion and Order no later than September 11, 2017.

**SO ORDERED** this 28th day of August, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE